**William WITHERS, Plaintiff,**

v.

**Julie RINGLEIN, Gary Lavigne, and Paul Drobish, Individually and in their official capacities as police officers of the City of Flint, Michigan, Defendants.**

**No. 89–CV–40085–FL.**

United States District Court, E.D. Michigan, S.D., Flint.

Oct. 2, 1990.

---

William T. Street, Saginaw, Mich., for plaintiff.

Frederick L. Schmoll, Flint, Mich., for Ringlein and Lavigne.

Patrick M. Kirby, Flint, Mich., for Drobish.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

One of plaintiff's bases for his motion for a new trial is the procedure adopted by the Court after the deliberating jury had advised it had arrived at a partial verdict [1] and sent out this message: "We seem to be at an impasse. Have been for some time. Any suggestions?" That occurred late in the afternoon, and counsel were advised to return the next morning prepared for reargument. The next morning counsel were informed that the partial verdict(s) which the jury had reached would be taken and would be followed by reargument as to the remaining parties, but the reargument would take place only after the jury was advised there would be reargument, and the jury then, as a unit or through individual jurors, had the opportunity to communicate the subjects the jury or individual jurors wished counsel to address.[2]

The verdicts were taken leaving only defendant LaVigne remaining. In response to the Court's suggestion concerning the subjects counsel should address on reargument, the jury sent out this note:

1. I am unclear of Mr. McKay's testimony during the time he was observing from the back of the cruiser.

2. I am unclear of the position of the plaintiff in the Hamady parking lot.

3. Could you please go over Mr. Withers' testimony from the time he started resisting. Also Mr. LaVigne's testimony from when he arrived on the scene.[3]

Counsel for the remaining parties, plaintiff and one defendant, were advised of the message and given an opportunity to prepare for reargument. Reargument was authorized in the same manner as original argument; plaintiff to make the opening argument, defendant to argue, and then plaintiff's rebuttal. Plaintiff waived his opening, defendant argued and plaintiff rebutted.

Prior to reargument, plaintiff objected to this procedure repeatedly insisting upon the Court giving a so-called "Allen" charge, to which there was no objection.

Two points must be emphasized: *First,* the jury had never communicated that it was deadlocked or hopelessly in disagreement. It had indicated only that it "seemed to be at an impasse. Have been for some time." Also interestingly

---

1. There were three defendants, and the instructions permitted the jury to find for or against any one, two or all. The partial verdict had been received on August 7, 1990 by the Court but sealed and not entered or communicated.

2. The Court did not ask the jury to "write down the matters upon which they wanted reargument" as characterized in paragraph 14 of plaintiff's motion.

3. This was a 42 U.S.C. § 1983 action for alleged police brutality during an arrest of plaintiff, where, among other things, plaintiff claimed his leg was broken when the late arriving officer LaVigne unnecessarily "stomped" on his leg while plaintiff was down.

enough, the jury added: "Any suggestions?"[4]

*Second:* Although it is true that plaintiff's counsel timely and repeatedly objected to the Court's procedure, he never was able to state any prejudice that could result to plaintiff by that procedure. This was so even though he was repeatedly asked if he could assert any prejudice.

After deliberating for about one and a half hours following reargument, the jury returned a verdict adverse to the plaintiff, and the procedure used is one of the grounds in plaintiff's new trial motion.

It is very interesting that the plaintiff, even with the substantial time that has elapsed from the verdict to the filing of his motion, is still unable to articulate anything whatsoever about this procedure which prejudiced the plaintiff. Absolutely nothing.[5]

The Court concludes that the giving of an "Allen" charge would not have been error, but that giving it under the circumstances here was not mandated, indeed if it is ever mandated. Plaintiff has cited no law which requires the giving of an "Allen" charge in these circumstances. Moreover, having reargument such as was ordered in this case, after the jury communicated what it wished counsel to address, was well within the inherent powers of the Court to control argument and in the absence of any prejudice whatsoever to any party, is a particularly effective tool to avoid costly and unnecessary mistrials leading to retrials.[6]

It is surprising that no reported case that I have found has utilized this procedure which, to me, makes eminent good sense.[7] It is clear that plaintiff has not been prejudiced by the procedure which I find to be within the general discretionary power of the Court over oral arguments.[8]

Thus, the motion for a new trial based upon this ground is DENIED.

As to the remaining grounds for a new trial asserted by plaintiff, rulings should be based upon the transcript of the rearguments and of the appropriate witness's testimony. If the transcripts are not supplied within fifteen (15) days of this Order, the Court will decide the matter without the transcripts.

Inasmuch as this is a ruling upon only one ground of the new trial motion, it cannot be held that the motion has been denied for purposes of the running of the time for appeal.

SO ORDERED.

4. The Court is not in any way saying that the procedure it adopted is authorized by the jury's request for "suggestions." I mention it because it demonstrates the jury was not deadlocked so as to prompt an "Allen" charge under all other circumstances.

5. Plaintiff tries to assert prejudice because he claims that on reargument, defendant's counsel misstated the testimony and evidence. He claims that if the Court had not adopted this new procedure, defendant's counsel would not have had the opportunity to distort the evidence in the argument. It is obvious that this claim does not relate *to the procedure adopted* in any way. Plaintiff would have this claim had defendant's counsel distorted the testimony in defendant's original argument. Moreover, plaintiff would have this claim for a new trial even if plaintiff had consented to this new procedure. Plaintiff's argument is essentially a concession that *the procedure* in no way prejudiced him.

6. This procedure is in no way coercive of the jury or any jurors which is the usual complaint regarding "Allen" charges.

7. Plaintiff's position prior to the final verdict demonstrates anew that attorneys frequently object because the procedure or ruling is novel rather than because of any perceived real or imaginary prejudice *by the procedure.*

8. *Trawick v. Manhattan Life Ins. Co. of New York,* 484 F.2d 535, 538 (5th Cir.1973). While *Trawick* deals with reargument in a different context, it nevertheless recognized the court's discretionary power over oral argument. Moreover, if jurors can ask questions after deliberations commence, there is no reason why jurors cannot ask that certain subjects be addressed on reargument.